Netzley, Appellee, *v.* Solomon et al., Appellants.

(Decided November 17, 1939.)

*Mr. William Harry Gilbert,* for appellee.
*Messrs. Swaney & Creager,* for appellants.

Barnes, J. The above-entitled cause is now being determined as an appeal on questions of law by reason of defendants' appeal from the judgment of the Court of Common Pleas of Miami county, Ohio.

The action originated before justice of peace, Karns, in Union township, Miami county, Ohio, and was an action on an account for coal sold and delivered. Upon hearing it resulted in a verdict for the plaintiff in the sum of $35.90 and costs amounting to $12.05.

Thereafter defendants gave an appeal bond, transferring the case to the Court of Common Pleas of Miami county. The appeal bond was filed in the Common Pleas Court on February 18, 1937.

On March 4, 1937, plaintiff filed his petition on appeal, covering the same subject-matter as had been litigated in the justice's court.

On April 12, 1937, plaintiff filed a written motion for judgment on the ground that the defendants were in default for demurrer and answer to the petition.

On March 17, 1938, default judgment was entered in favor of the plaintiff.

On May 13, 1938, defendants filed a motion to set aside the default judgment on the ground that summons had not issued and served upon them following the filing of plaintiff's petition in the Common Pleas Court.

On February 28, 1939, defendants' motion was overruled.

Thereafter on March 13, 1939, defendants filed notice of appeal to this court. The transcript of docket and journal entries was filed in the Court of Appeals on the same date.

The sole and only question for our determination is whether on an appeal from a magistrate's court to the Court of Common Pleas, a petition being duly filed in the latter court, it is necessary to issue summons and have the same served on the defendants before jurisdiction is obtained to proceed further.

It is the contention of plaintiff that through defendants' appeal their appearance is entered in the court to which they appeal, and no summons is required after plaintiff files his petition.

It seems to be conceded by counsel on both sides that the question has never been directly determined.

Defendants rely principally upon Section 10387, General Code, which reads as follows:

"When an appeal is taken from a judgment of a justice of the peace, to the Court of Common Pleas, the plaintiff below shall be plaintiff above; and in all respects, the parties must proceed as if the action originally had been commenced in that court."

Defendants also refer to the case of *O'Neal* v. *Blessing*, 34 Ohio St., 33, and the unreported case of *Routzahn* v. *Routzahn*, decided by the Court of Appeals of Montgomery county.

We are unable to determine that the cases cited are helpful.

We are referred to the following cases by counsel for plaintiff: *Ludlow* v. *Kidd,* 3 Ohio, 541; *Mason* v. *Alexander,* 44 Ohio St., 318, 7 N. E., 435; *Charles* v. *Fawley,* 71 Ohio St., 50 to 54, 72 N. E., 294.

We are also referred to Bates Pleading and Practice (4 Ed.), 663, Section 702, and Sections 10387 and 10398, General Code.

Section 10398, General Code, reads as follows:

"The rule day for filing the petition in the Court of Common Pleas in a case appealed from a justice of the peace shall be the third Saturday after the expiration of the time limited for filing the transcript; and the subsequent pleadings shall be filed within such times thereafter as is provided for the filing thereof in cases commenced in that court after the return day of the summons."

Plaintiff, in commenting upon the section above quoted, argues rather convincingly that there would be no reason for the Legislature providing rule days for filing subsequent pleadings after the petition if issuing and serving summons is requisite on appeal.

It is argued that if summons is necessary to be issued, the general law relative to return days would control.

The following excerpts are quoted from the case of *Ludlow* v. *Kidd, supra,* at 547:

"Appeals, in chancery proceedings, from an inferior to a superior tribunal, have been long established in our system of jurisprudence, and one of familiar and daily occurrence in our practice, and it has never been supposed that the appeal was anything other than a proceeding in the original cause * * *.

"The appeal has the effect of continuing the cause and suspending or vacating the decree of the inferior tribunal until the cause is heard in the appellate court."

The *Mason case, supra,* like the *Ludlow case, supra,* considers the questions involved under an entirely dif-

ferent state of facts than the instant case. In the *Mason case,* on page 330, Judge Spear made the following observation:

"But why did not the appeal itself by these plaintiffs in error give the appellate court jurisdiction of their persons?"

In fact, this entire page may be read advantageously and by analogy it may direct our reasoning.

For the same purpose, although not directly in point, we have also examined the cited case of *Charles* v. *Fawley, supra.*

In the final analysis we are compelled to determine the instant case as an original question with little aid, other than a construction of the pertinent sections of the General Code.

We have arrived at the conclusion that when a defendant appeals he thereby enters his appearance in the court to which he appeals. The matter of filing pleadings on appeals from justices' courts is fully provided for.

When the defendant lodges the cause in the Common Pleas Court, by reason of his appeal from the justice's court, he knows by examining the statutes when the plaintiff must file his petition and the rule day for filing the subsequent pleadings. Thereby, he should definitely know the time within which he should file his answer or other pleadings. If the plaintiff fails to file a petition within the time prescribed there is also a remedy given to the defendant. The provisions of Section 10387, General Code, providing that when an appeal is taken the parties must proceed as if the original action had been commenced in the Common Pleas Court, should not be construed so as to require the issuance and service of summons.

The only purpose of issuing and serving summons is to give notice to the adverse party that he has been sued. When he appeals the case to the Common Pleas

Court, he thereby necessarily knows that the case is *lis pendens.*

To hold otherwise might work very injuriously to a successful plaintiff before a justice of the peace. For instance, let us assume that following the judgment before the justice, giving notice of appeal and furnishing the appeal bond, and before the expiration of the time for filing petition on appeal by the plaintiff, the defendant moves from the state into another jurisdiction; under such a situation service of summons could not be made on the defendant, and personal judgment could not be taken on service by publication.

We think the correct principle to be announced is that when the defendant appeals from a justice's court to the Court of Common Pleas, and the plaintiff files his petition within the time prescribed under the statute, no service of summons is required.

We think that Bates Pleading and Practice (4 Ed.), 663, Section 702, correctly construes these sections when it says: "* * * the same as in the action originally begun in the common pleas, except that no summons is issued on it."

The judgment of the trial court will be affirmed, and the cause remanded for further proceedings according to law.

*Judgment affirmed and cause remanded.*

HORNBECK, P. J., and GEIGER, J., concur.